UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON HEYLIGER,

                                Plaintiff,

                                                                             DECISION AND ORDER

                                                                             06-CV-6220L

                 v.

THOMAS GEBLER, et al.,

                                Defendants.
_____

       Plaintiff, Jason Heyliger, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued Correction Officers Thomas Gebler and Jeffrey Pilley, alleging that they violated plaintiff's constitutional rights in a number of respects in connection with certain incidents that occurred in June 2005, while plaintiff was confined at Attica Correctional Facility ("Attica"). Plaintiff has also sued DOCS Commissioner Brian Fischer and Attica Superintendent James T. Conway, principally on the ground that "they are the employers of the defendants [*i.e.*, Gebler and Pilley] and are responsible for their whereabouts, actions, and identities." Dkt. #12 ¶ 39.

       Fischer and Conway have moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing all of plaintiff's claims against them on the ground that the complaint fails to state a claim against them on which relief can be granted. Gebler and Pilley have

separately moved under Rule 12(b)(6) to dismiss plaintiff's state-law claims against them, on the ground that those claims are barred by § 24 of the New York Corrections Law.

## DISCUSSION

**I. Standard of Review**

On a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts in the complaint are presumed to be true, and all reasonable inferences are drawn in the plaintiff's favor. *See E.E.O.C. v. Staten Island Savings Bank*, 207 F.3d 144, 148 (2d Cir. 2000). A complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 171 (2d Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because plaintiff appears *pro se*, the complaint must be liberally construed in his favor, and held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993). The Court interprets complaints submitted by *pro se* plaintiffs to raise the strongest arguments that they suggest. *Burgin v. GMC*, No. 04-CV-503S, 2006 WL 469355, at *3, 2006 U.S. Dist. LEXIS 16915, at *10 (W.D.N.Y. Feb. 24, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**II. Motion to Dismiss Claims against Fischer and Conway**

Fischer and Conway move to dismiss the claims against them on the ground that they are named only in their supervisory capacities. Plaintiff apparently does not oppose the motion; in his response to the motion, plaintiff "[r]equest[s] that all claims against defendants Fischer and Conway be dismissed ... ." Dkt. #21 ¶ 13. The motion is therefore granted. *See Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) ("There is no *respondeat superior* liability in § 1983 cases") (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)).

**III. Motion to Dismiss State Law Claims against Gebler and Pilley**

Gebler and Pilley move to dismiss plaintiff's fourth, fifth and sixth claims, which respectively allege state-law claims of assault, slander, and violations of the New York State Constitution, on the ground that such claims are barred by Corrections Law § 24. That statute provides that

> [n]o civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of [DOCS] in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

The statute also provides that any claim for damages arising out of a DOCS employee's act performed within the scope of his employment may be maintained only in the New York Court of Claims as a claim against the State of New York.

"It is well settled that Section 24 shields employees of a state correctional facility from being called upon to personally answer a state law claim for damages based on activities that fall within the scope of the statute." *Ierardi v. Sisco*, 119 F.3d 183, 186 (2$^d$ Cir. 1997) (citing *Baker v.*

- 3 -

*Coughlin*, 77 F.3d 12, 14-15 (2d Cir. 1996)) (other citations omitted). "Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." *Id.*; *Baker*, 77 F.3d at 15; *Donahue v. Bennett*, No. 02-CV-6430, 2003 WL 21730698, at *4 (W.D.N.Y. June 23, 2003).

Even viewing the complaint in the light most favorable to plaintiff, all of his claims against Gebler and Pilley all arise out of acts that they performed within the scope of their employment. Plaintiff's claims against those defendants under New York law are therefore barred by § 24.

Plaintiff alleges that in June 2005, Gebler and Pilley committed an unprovoked assault upon him. Plaintiff also alleges that about a week after that assault, he was denied food, showers, recreation and commissary privileges at Gebler's direction, and that Gebler called him a "rat" in front of other inmates. Those acts, even if violative of plaintiff's constitutional rights, were clearly done within the scope of defendants' employment. Although plaintiff does allege in conclusory fashion that Gebler and Pilley "acted outside the scope of their authority," Dkt. #1 ¶ 9, the New York "Court of Appeals has instructed that an employee will be considered within the scope of his employment so long as he is discharging his duties, 'no matter how irregularly, or with what disregard of instructions.'" *Ierardi v. Sisco*, 119 F.3d at 188 (citing *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979)), and *Cepeda v. Coughlin*, 128 A.D.2d 995, 996-97 (3$^d$ Dep't), *appeal denied*, 70 N.Y.2d 602 (1987)); *accord Donahue*, 2003 WL 21730698, at *4; *see also Gore v. Kuhlman*, 217 A.D.2d 890, 891 (3$^d$ Dep't 1995) (that DOCS employees acted for the purposes of harassment "constitute[d] no more [than] a departure from the normal methods of performing the duties of employment," and did not exceed the scope of their employment).

**CONCLUSION**

Defendants' motions to dismiss the complaint (Dkt. #13 and #16) are granted. All of plaintiff's claims against defendants Fischer and Conway are dismissed. Plaintiff's fourth, fifth and sixth causes of action are dismissed against defendants Gebler and Pilley.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 24, 2007.