UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON HEYLIGER,

                              Plaintiff,

                                                                       DECISION AND ORDER

                                                                        06-CV-6220L

            v.

CORRECTION OFFICER THOMAS GEBLER,
CORRECTION OFFICER JEFFREY PILLEY,
CORRECTION OFFICER D. O'CONNELL,

                              Defendants.
_____

        Plaintiff, Jason Heyliger, appearing *pro se*, brought this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the New York State Department of Correctional Services ("DOCS"), alleges that on June 5, 2005, two of the defendants, Correction Officer ("C.O.") Thomas Gebler and C.O. Jeffrey Pilley, assaulted plaintiff, and that they subsequently denied plaintiff medical treatment, showers, and food. Plaintiff also alleges that on June 10, 2005, when plaintiff reported the assault to the third defendant, Sgt. D. O'Connell, O'Connell prepared a "false investigation report," in order to "cover up the actions of Gebler and Pilley." Second Amended Complaint (Dkt. #46) ¶ 31.

        O'Connell has moved to dismiss the claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although plaintiff requested and was granted an extension of time to respond to O'Connell's motion, *see* Dkt. #55, plaintiff has not responded to the motion.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to Defendant's Motion**

Plaintiff's failure to oppose the motion to dismiss does not relieve the Court of its obligation to consider the merits of plaintiff's claims. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Plaintiff's failure to respond to the motion notwithstanding, then, the court must determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *see*, *e.g.*, *Saxon v. Attica Med. Dep't*, 468 F.Supp.2d 480, 482 (W.D.N.Y. 2007).

In doing so, the Court applies the now-familiar *Twombly* standard, under which "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir.2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215-16 (2d Cir.2008)). It remains true, however, that a "document filed *pro se* is to be liberally construed and

a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214.

**II. Plaintiff's Claims Against O'Connell**

Plaintiff alleges that O'Connell deliberately falsified his report concerning the June 5 incident, in order to exonerate Gebler and Pilley from any wrongdoing. As the Second Circuit has consistently held, however, a "prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). The issuing of a false report infringes on an inmate's constitutional rights only "when there has been more such as 'retaliation against the prisoner for exercising a constitutional right.'" *Cusamano v. Sobek*, 604 F.Supp.2d 416, 471-72 (N.D.N.Y.2009) (quoting *Boddie*, 105 F.3d at 862).

In accordance with those principles, courts have dismissed claims alleging the issuance of false misbehavior reports as part of a "coverup" attempt.[1] *See, e.g.*, *Sowell v. Chappius*, 695 F.Supp.2d 16, 19 (W.D.N.Y. 2010); *Rosales v. Kikendall*, 677 F.Supp.2d 643, 650 (W.D.N.Y. 2010); *Cusamano*, 604 F.Supp.2d at 472; *Nelson v. Michalko*, 35 F.Supp.2d 289, 294 (W.D.N.Y. 1999). I do so here as well. There is no suggestion in the complaint that O'Connell acted out of any

---

[1] Many of the cases cited involve allegedly false misbehavior reports issued against the inmate plaintiffs. Although it appears from the complaint that O'Connell's report was simply a report of his investigation into the incident, rather than a misbehavior report, that is a distinction without a difference. In fact, inasmuch as plaintiff does not allege that O'Connell actually charged plaintiff with any misconduct, but simply that he failed to find fault with Gebler's and Pilley's actions, plaintiff's claim against O'Connell is even weaker than the claims in those cases.

retaliatory motive, and the bald assertion that he sought to cover up for the other two defendants fails to state a claim under § 1983.

To the extent that the complaint can be read as asserting a civil rights conspiracy claim against O'Connell under 42 U.S.C. § 1985, it is also subject to dismissal. The conclusory allegation that "Gebler, Pilley, and O'Connell ... jointly conspired to an [sic] did violate plaintiffs' [sic] Civil Rights" is insufficient to state a claim under the pleadings standards for conspiracy claims in this circuit. *See Walker v. Jastremski*, 430 F.3d 560, 564 n. 5 (2d Cir. 2005), *cert. denied*, 547 U.S. 1101 (2006); *Boddie*, 105 F.3d at 862; *Rosales*, 677 F.Supp.2d at 647; *see also Johnson v. Barney*, No. 04 Civ. 10204, 2006 WL 3714442, at *2 (S.D.N.Y. Dec. 13, 2006) (dismissing for failure to state a claim prisoner's allegation that defendant fabricated an investigative report as part of a conspiracy to cover up the acts of other correction officers), *aff'd*, 360 Fed.Appx. 199 (2d Cir. 2010).

## CONCLUSION

Defendant D. O'Connell's motion to dismiss the claims against him (Dkt. #50) is granted, and plaintiff's claims against O'Connell are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 30, 2010.