UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON HEYLIGER,

                                    Plaintiff,

                                                              Case # 06-CV-6220-FPG

v.

                                                              DECISION AND ORDER

THOMAS GEBLER, PRISON GUARD, and
JEFFREY PILLEY, PRISON GUARD,

                                    Defendants.


Plaintiff Jason Heyliger filed this action under 42 U.S.C. § 1983, alleging that Defendants, two employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights. The Complaint stems from an incident on or about June 5, 2005, where Plaintiff alleges that while he was an inmate at the Attica Correctional Facility ("Attica"), the Defendants utilized excessive force against him, and then denied him medical care after the alleged incident. Because Plaintiff failed to exhaust his administrative remedies before commencing this action, and because no exceptions to the exhaustion requirement apply, Defendants' Motion for Summary Judgment (Dkt. # 64) is granted, and this case is dismissed with prejudice.


                                    DISCUSSION

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings,

depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587).

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 … or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." If an inmate fails to exhaust their administrative remedies, they are barred from commencing a federal lawsuit. *Martin v. Niagara County Jail*, No. 05–CV–00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words, to commence a lawsuit "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012).

Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).   To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90-91.

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5.   In short, a prison inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate Grievance Resolution Committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by (or, if the committee is unable to reach a determination, referral to) the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC").   *See Id.*   All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court.   *See Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

In this case, the parties agree that the Plaintiff did not actually file a grievance regarding this matter with DOCCS.   However, Plaintiff alleges that he should be excused from the PLRA requirements because he attempted to file a grievance, but his grievance was "balled up...and thr[own] in the garbage" by an unnamed corrections sergeant who interviewed the Plaintiff on June 10, 2005.   According to the Plaintiff, this sergeant told the Plaintiff that his complaints would be "brushed under the rug."   Dkt. #66, ¶¶ 8, 9.

In *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), the Second Circuit held that when an inmate seeks to have his non-exhaustion with the PLRA excused, the Court must analyze his

3

claim under a three-part test. *See Macias v. Zenk*, 495 F.3d 37, 41 (2d Cir. 2007). The Court must consider: (1) whether the administrative remedies were, in fact, available to the prisoner; if not, the exhaustion requirement is inapplicable; (2) if those remedies were available, whether "the defendants are estopped from raising the affirmative defense of non-exhaustion because their actions inhibited the inmate's exhaustion of remedies, or because they forfeited the defense by failing to raise or preserve it," *Andrews v. Cruz,* No. 04 Civ. 566(PAC)(RLE), 2010 WL 1142010, at *3 (S.D.N.Y. Mar. 9, 2010); and, finally, (3) whether "special circumstances" have been plausibly alleged that justify the prisoner's failure to exhaust. *See Hemphill*, 380 F.3d at 686. At the third step, "special circumstances" could include situations where a plaintiff's "reasonable" interpretation of applicable regulations regarding the grievance process led him or her to conclude that the dispute could not be grieved. *Id.* at 689; *see also Giano v. Goord*, 380 F.3d 670, 676–77 (2d Cir. 2004).

There is no dispute in this case that administrative remedies were functionally available to the Plaintiff while he was incarcerated at Attica. Plaintiff's own sworn testimony confirms that he has been in DOCCS' custody "since the 1980's, for nearly 30 years," and that he is "familiar with the grievance process" and "know[s] how to appeal grievances." Dkt. # 66, ¶ 6. In addition, Defendants have submitted an affidavit demonstrating that the Plaintiff had "filed and exhausted some thirty grievances prior to the date of the alleged incident" in this case. Dkt. # 64-4, ¶ 3. The Plaintiff does not dispute this fact. In addition, to determine whether grievance procedures were available to the Plaintiff, the Court must determine "whether a similarly situated individual of ordinary firmness [would] have deemed them available." *McCullough v. Burroughs*, 2005 WL 3164248, at *3 (E.D.N.Y. Nov. 29, 2005) (quoting *Hemphill*, 380 F.3d at 688). In addition, "threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance, but not from appealing directly to

4

individuals in positions of greater authority within the prison system, or to external structures of authority such as state or federal courts." *McCullough*, 2005 WL 3164248, at *3 (quoting Hemphill, 380 F.3d at 688). Here, Plaintiff has not alleged that he was threatened, nor has he alleged that he was prevented from filing an appeal with the superintendent or CORC – which will be discussed further, *infra* – and I therefore conclude that a similarly situated inmate of ordinary firmness would not have been deterred from completing the grievance process.

As a result, the question before me is whether, when taking into account the other *Hemphill* factors, should the Plaintiff's failure to exhaust his administrative remedies be excused?

The Plaintiff advances three separate reasons for why his failure to exhaust should be excused. First, he alleges that he was prevented from filing his grievance and the Defendants are therefore estopped from raising the affirmative defense of non-exhaustion. Second, he argues that letters he wrote to the superintendent about the alleged incident should effectively serve as a substitute for complying with the formal grievance process. Finally, he argues that a factual dispute exists regarding his failure to exhaust, and that factual dispute can only be resolved by a jury.

Regarding the allegation that his original grievance was discarded by prison officials, I would note that the Plaintiff has never described or named the individual who allegedly took this action, other than to say he was a sergeant who met with the Plaintiff. Such an omission is quite curious, since the Plaintiff certainly knows the importance of the grievance procedure, and in any event, a reasonable person would certainly record or remember the name of an individual who allegedly wronged them. Further, I would also note that Plaintiff has never produced a copy of the alleged original grievance, claiming that his copy was the only one in existence. In other

5

words, Plaintiff's claims "stand alone and unsupported." *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004) (citation omitted).

Further, even if the unnamed corrections sergeant discarded the Plaintiff's grievance, the Second Circuit has "recognized that if the *defendants' own actions* prevent a prisoner from pursuing administrative remedies, the prisoner's failure to avail himself of those remedies cannot bar his access to the courts." *Ruggiero v. County of Orange*, 467 F.3d 170, 179 (2d Cir. 2006) (emphasis added). Here, the Plaintiff neither alleges nor offers any evidence to support that the alleged interference with his grievance was done by or on behalf of the named Defendants. Indeed, the Plaintiff only alleges that an unnamed and unidentified corrections sergeant threw out his grievance. As the Second Circuit has instructed courts to look at the "defendants' own actions," district courts within the Circuit, when faced with similar situations, have treated the issue of estoppel as being personal to the particular defendants named in the case. *Murray v. Palmer*, 2010 WL 1235591, at *5 (N.D.N.Y. Mar. 31, 2010) ("Generally, a defendant in an action may not be estopped from asserting the affirmative defense of failure to exhaust administrative remedies based on the actions (or inactions) of other individuals") (footnote omitted); *see also Collins v. Goord*, 438 F. Supp. 2d 399, 415 n.16 (S.D.N.Y. 2006); *Gill v. Frawley*, No. 02-CV-1380, 2006 WL 1742738, at *12 (N.D.N.Y. June 22, 2006); *McCullough v. Burroughs*, No. 04-CV-3216 (FB), 2005 WL 3164248, at *4 (E.D.N.Y. Nov. 29, 2005); *Barad v. Comstock*, No. 03-CV-736, 2005 WL 1579794, at *7 (W.D.N.Y. June 30, 2005) (all declining to apply estoppel where persons responsible for estopping conduct were not the named defendants); *Snyder v. Whittier*, No. 05-CV-1284, 2009 WL 691940, at *9 (N.D.N.Y. Mar. 12, 2009) (intimidation by one defendant did not excuse non-exhaustion against another defendant not involved in the conduct).

Even if I assume that such a grievance was prepared by the Plaintiff and discarded by an unnamed corrections sergeant, it does not alter the fact that Plaintiff *did not even attempt* to file an appeal regarding his grievance with the superintendent or with the CORC. It is well-settled that any failure to respond to a grievance by DOCCS staff "can – and must – be appealed to the next level, including CORC, to complete the grievance process." *Goodson v. Silver*, 09-CV-0494 (GTS/DRH), 2012 WL 4449937, at \*4 (N.D.N.Y. Sept. 25, 2012); *see also George v. Morrison–Warden*, 06 CIV. 3188(SAS), 2007 WL 1686321, at \*3 (S.D.N.Y. June 11, 2007) (quoting *Bligen v. Griffen*, No. 06 Civ. 4400, 2007 WL 430427, \*2 (S.D.N.Y. Feb. 8, 2007); *Williams v. City of New York*, No. 03 Civ. 5342, 2005 WL 2862007, at \*10 (S.D.N.Y. Nov. 1, 2005).

While the Plaintiff argues that he could not pursue the matter further because his original grievance was not processed, it has been repeatedly held that a "plaintiff's allegation that these particular grievances were misplaced or destroyed by correctional officers ultimately does not relieve him of the requirement to appeal these claims to the next level once it became clear to him that a response to his initial filing was not forthcoming." *Veloz*, 339 F. Supp. 2d at 516, *see also Martinez v. Dr. Williams R.*, 186 F. Supp. 2d 353, 357 (S.D.N.Y. 2002) (inmate who allegedly received no response to grievance "could have and should have appealed grievance in accordance with grievance procedure"); *Harrison v. Goord*, No. 07 Civ. 1806 (HB), 2009 WL 1605770, at \*8 (S.D.N.Y. Jun. 9, 2009) ("Even assuming that [Plaintiff] filed the initial complaints that he claims to have filed, and never received a response, this does not excuse the failure to exhaust administrative remedies.") (collecting cases).

Plaintiff's next argument that his letters or communications with other DOCCS officials should serve as a substitute for filing a grievance also fails because "decisions in this circuit have repeatedly held that complaint letters to the DOCCS commissioner or the facility superintendent

do not satisfy the PLRA's exhaustion requirements." *Muhammad v. Pico*, No. 02 Civ. 1052 (AJP), 2003 WL 21792158, at *8 (S.D.N.Y. Aug. 5, 2003) (collecting cases).  As one court observed, "[t]he Second Circuit has made clear that even if prison officials have notice of a prisoner's claims as a result of such informal communications, the purposes of the PLRA's exhaustion requirement can only be realized through strict compliance with the applicable administrative procedures." *Mamon v. New York City Dep't of Corr.*, No. 10 Civ. 3454 (NRB), 2012 WL 260287, at *4 (S.D.N.Y. Jan. 27, 2012) (citing *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007)).

The same is true for having conversations with prison officials about the incident, as "oral statements to various officials" do not satisfy the PLRA's exhaustion requirement. *Simon v. Campos*, No. 09 Civ. 6231 (PKC), 2010 WL 1946871, at *6 (S.D.N.Y. May 10, 2010); *see also Magassouba v. Cross*, No. 08 Civ. 4560 (RJH)(HBP), 2010 WL 1047662, at *8 (S.D.N.Y. Mar. 1, 2010) (collecting cases); *Harrison v. Goord*, No. 07 Civ. 1806 (HB), 2009 WL 1605770, at *8 (S.D.N.Y. June 9, 2009) (holding that oral complaints and sending letters to prison officials "just don't cut the mustard" in establishing exhaustion.)

Finally, although Defendant argues to the contrary, the Second Circuit has held that the issue of non-exhaustion is *not* a jury issue, but rather is a threshold issue that must be determined by the Court. *See Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011) ("[Plaintiff] is incorrect that the presence of disputed material facts converts exhaustion into a jury issue.  Matters of judicial administration often require district judges to decide factual disputes that are not bound up with the merits of the underlying dispute.")

While non-exhaustion can be excused under certain circumstances previously discussed, I find that there is no basis to excuse Plaintiff's failure to exhaust his administrative remedies in this case.  Even assuming that Plaintiff's original grievance was destroyed, he had the ability to

file an appeal and complete the process, but chose not to do so. Further, there is no basis to estop these Defendants from raising the issue of non-exhaustion, as there is no allegation that they were in any way connected to the alleged destruction of the original grievance. As a result, Plaintiff's failure to exhaust his administrative remedies is fatal to this action, and the Defendants are entitled to Summary Judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. #64) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to enter judgment and terminate this action.

IT IS SO ORDERED.

Dated: September 30, 2014
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge